IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANTHONY KEY                                                                    PETITIONER

v.                                 5:07CV00018 JLH-JFF

LARRY NORRIS, Director,
Arkansas Department of
Correction                                                                     RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed with prejudice.

In June of 1995, Petitioner was convicted of capital murder after a jury trial in Pulaski County Circuit Court. He was sentenced to life imprisonment without parole. On June 17, 1996, the Arkansas Supreme Court affirmed his conviction. *Key v. State*, 325 Ark. 73, 923 S.W.2d 865 (1996).

On September 16, 2003, Petitioner filed a motion with Arkansas Supreme Court pursuant to the Arkansas Freedom of Information Act seeking copies of his trial transcript and appellate briefs. On November 20, 2003, the Arkansas Supreme Court denied his motion. *Key v. State*, 2003 Ark. LEXIS 632 (Ark. Nov. 20, 2003).

On December 14, 2004, Petitioner filed a habeas corpus petition in this Court alleging that he was denied effective assistance of counsel and that his conviction was obtained by use of a coerced confession.[1] On February 1, 2005, Petitioner filed a motion to voluntarily dismiss his habeas corpus petition so that he could pursue his "legal avenues" in state court. On February 17, 2005, the Court granted his motion and dismissed his petition without prejudice. *Key v. Norris*, 5:04CV00447 JLH-JFF (E.D. Ark. Feb. 17, 2005).

On December 7, 2005, Petitioner filed a state habeas corpus petition in Lincoln County Circuit Court. The circuit court denied the petition in an order entered on February 2, 2006. Petitioner alleges that he "filed a notice of appeal to [the] Arkansas Supreme Court, but [his] notice of appeal was lost in [the] mail."

On January 29, 2007, Petitioner filed the pending habeas corpus petition in this Court.[2] He has raised the following grounds for relief: (1) the affidavit for warrant of

---

[1] A *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court. *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999). Petitioner signed the habeas corpus petition on December 14, 2004. It is unclear when he tendered the petition to prison authorities for mailing. Under the circumstances, the Magistrate Judge will assume that he tendered the petition to prison authorities for mailing on December 14, 2004.

[2] Petitioner signed the habeas corpus petition on January 29, 2007. It is unclear when he tendered the petition to prison authorities for mailing. Under the circumstances, the Magistrate Judge will assume that he tendered the petition to prison authorities for mailing on January 29, 2007.

arrest was based on the perjured testimony of the charging officer, (2) the evidence found at the crime scene was illegally submitted into the case, (3) the cross-examination of three witnesses "proves that the deceased wasn't shot in the window," (4) "the gun pattern in this case was reckless, and recklessly caused the death of another person," (5) he was denied effective assistance of counsel, (6) the trial court erred in denying his motions for directed verdict, and (7) the trial court erred in refusing to suppress his custodial statement.

The Respondent has filed a motion to dismiss Petitioner's habeas corpus petition (# 5), arguing that the petition is barred by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1). The AEDPA provides in pertinent part that a person in custody pursuant to a judgment of a state court must file a petition for habeas corpus relief within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998); *Nichols v. Bowersox*, 172 F.3d 1068, 1071-72 (8th Cir. 1999).

On June 17, 1996, the Arkansas Supreme Court affirmed Petitioner's conviction.

Under Rule 13 of the United States Supreme Court,[3] Petitioner's time for filing a petition for writ of *certiorari* expired on September 16, 1996. Accordingly, Petitioner's state court judgment became final and the statute of limitations began running on September 16, 1996. The filing deadline for Petitioner's habeas petition was September 16, 1997,[4] unless the one-year period of limitation was tolled.

The AEDPA contains a tolling provision which provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any

---

[3] Rule 13 provides in pertinent part as follows:

1. Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

. . .

3. The time to file a petition for writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing or, if the rehearing is granted, the subsequent entry of judgment.

[4] The filing deadline falls on the anniversary date of the triggering event. *Wright v. Norris*, 299 F.3d 926, 927 n. 2 (8th Cir. 2002).

period of limitation . . . ." 28 U.S.C. § 2244(d)(2). The AEDPA's one-year statute of limitations is not tolled during the pendency of state post-conviction proceedings commenced after the limitations period has already expired. *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999); *Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002); *Jackson v. Ault*, 452 F.3d 734, 735-736 (8th Cir. 2006). Petitioner filed only one post-conviction petition in state court challenging his capital murder conviction -- a petition for writ of habeas corpus. He filed the petition in December of 2005, after the one-year limitations period had expired. Accordingly, the time that the habeas petition was pending in state court is not excludable.

On September 16, 2003, Petitioner filed a motion with the Arkansas Supreme Court pursuant to the Arkansas Freedom of Information Act seeking copies of his trial transcript and appellate briefs. The Arkansas Supreme Court denied the motion on November 20, 2003. "Freedom of Information requests . . . do not toll AEDPA's one-year limitation period because they do not constitute 'application[s] for State post-conviction or other collateral review' within the meaning of § 2244(d)(2)." *Williams v. Breslin*, 274 F. Supp. 2d 421, 426 (S.D.N.Y. 2003). *Cf. Hodge v. Greiner*, 269 F.3d 104, 107 (2d Cir. 2001) (proceedings seeking materials to help develop a challenge to a conviction do not toll the AEDPA's limitations period).

Petitioner filed a prior habeas corpus petition in this Court, which was pending from December 14, 2004, until the Court dismissed the petition without prejudice on Petitioner's motion on February 17, 2005. A federal petition for writ of habeas corpus cannot be the basis for statutory tolling under § 2244(d)(2). *Cross-Bey v. Gammon*,

322 F.3d 1012, 1014 (8th Cir. 2003) (citing *Duncan v. Walker*, 533 U.S. 167, 181 (2001)). Therefore, the time that Petitioner's prior habeas petition was pending in this Court is not excludable.

Equitable tolling may provide an individual relief from the AEDPA's statute of limitations. "However, equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "'Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005). The Eighth Circuit has held that equitable tolling is appropriate only when "extraordinary circumstances beyond a prisoner's control make it impossible for him to file a petition on time," *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), "the State prevents the prisoner from taking more timely action," *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002), or the Respondent has lulled the Petitioner into inaction, *Kruetzer*, 231 F.3d at 463.

Petitioner has not alleged any facts showing that extraordinary circumstances beyond his control made it impossible for him to file his federal habeas petition on time, that the State prevented him from taking more timely action, or that the Respondent lulled him into inaction. Equitable tolling is not appropriate in this case.

In conclusion, the Magistrate Judge finds that the AEDPA's one-year statute of limitations expired on September 16, 1997. Petitioner did not file his habeas petition in this Court until January 29, 2007. Accordingly, his petition is time-barred.

THEREFORE, the Magistrate Judge recommends that the Respondent's motion to dismiss be granted and that Petitioner's petition for writ of habeas corpus be dismissed with prejudice.

Dated this 27th day of March, 2007.

                                                      /s/ John F. Forster, Jr.
                                        UNITED STATES MAGISTRATE JUDGE